No. 25-2509

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PWGG, LP, ET AL.,
*Plaintiffs-Appellants*,

v.

ROB BONTA, IN HIS OFFICIAL CAPACITY AS
ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, ET AL.,
*Defendants-Appellees*.

**On Appeal from the United States District Court
for the Southern District of California**
No. 3:19-CV-1226-L-AHG
The Honorable M. James Lorenz

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF

ROB BONTA
  *Attorney General of California*
MICHAEL J. MONGAN
  *Solicitor General*
HELEN H. HONG
  *Principal Deputy Solicitor General*
THOMAS S. PATTERSON
  *Senior Assistant Attorney General*
ANYA M. BINSACCA
  *Supervising Deputy Attorney General*

IAN FEIN
  *Deputy Solicitor General*
JENNIFER E. ROSENBERG
  *Deputy Attorney General*
STATE OF CALIFORNIA
DEPARTMENT OF JUSTICE
455 Golden Gate Ave., Suite 11000
San Francisco, CA 94102-7004
Telephone: (415) 510-3466
Ian.Fein@doj.ca.gov

*Attorneys for Defendants-Appellees*

July 22, 2025

## UNOPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF

Pursuant to Federal Rule of Appellate Procedure 26(b) and Ninth Circuit Rule 31-2.2(b), Defendants-Appellees respectfully request a 60-day extension of time to file their answering brief, up to and including Thursday, October 30, 2025. Defendants-Appellees previously secured one streamlined extension of time. This is the second request for an extension of time.

This case involves a Second Amendment challenge to California's age-based firearms restrictions that impose certain purchase limitations on persons under the age of 21. Cal. Penal Code § 27510. The district court issued its opinion upholding the challenged restrictions and entered judgment for Defendants-Appellees on March 26, 2025. *Chavez v. Bonta*, 773 F.Supp.3d 1028 (S.D. Cal. 2025). Plaintiffs-Appellants filed a notice of appeal and obtained a streamlined extension of time for their opening brief, which they filed on June 30, 2025. Defendants-Appellees obtained a streamlined extension of time for their answering brief on July 3, 2025, and the deadline to file is currently Friday, August 29, 2025. This motion, if granted, would extend the time for filing the answering brief by 60 days, to Thursday, October 30, 2025. Plaintiffs-Appellants do not oppose the extension request. Fein Decl. ¶ 4.

Considerations of judicial economy provide good cause for the requested extension. *See* Fed. R. App. P. 26(b). Several pending petitions for certiorari in similar Second Amendment matters are scheduled to be considered by the United States Supreme Court at the end of September and, if granted, the Court's decision could affect the proper disposition of this appeal. Over the last six months, four other federal courts of appeals have decided Second Amendment challenges to age-based firearms restrictions that impose limitations on persons under the age of 21. Two circuits upheld the state or federal restrictions before them, and two concluded that the challenged laws violated the Second Amendment. *Compare McCoy v. BATFE*, 140 F.4th 568 (4th Cir. 2025) (upholding law); *Nat'l Rifle Ass'n v. Bondi*, 133 F.4th 1108 (11th Cir. 2025) (en banc) (similar), *with Reese v. BATFE*, 127 F.4th 583 (5th Cir. 2025) (invalidating law); *Lara v. Comm'r Pa. State Police*, 125 F.4th 428 (3d Cir. 2025) (similar). Petitions for certiorari have been filed seeking review of three of those decisions. *See McCoy v. BATFE* (U.S. No. 25-24); *Nat'l Rifle Ass'n v. Glass* (U.S. No. 24-1185); *Paris v. Lara* (U.S. No. 24-1329). The petitions are presently scheduled to be distributed for the Supreme Court's September 29, 2025 conference. Fein Decl. ¶ 5. If the Supreme Court grants one or more of those petitions, an abeyance of proceedings in this appeal may be warranted. The requested extension should

2

allow the parties to consider the Supreme Court's disposition of the pending petitions for writs of certiorari before the answering brief is due. *Id.*

The extension request is also supported by counsel's diligence and substantial need for additional time. *See* 9th Cir. R. 31-2.2(b). The undersigned lead counsel for Defendants-Appellees in this appeal recently noticed his first appearance in the case and has exercised diligence, including by beginning work on the answering brief immediately upon receiving Plaintiffs-Appellants' opening brief. Fein Decl. ¶ 7. Additional time is necessary, however: preparation of the brief will require sufficient time for collaboration among attorneys across multiple sections in the California Department of Justice, including the Office of the Solicitor General and the Government Law Section; the case presents questions of significant importance to the State, including the constitutionality of a state statute; and lead counsel has other pressing work that has limited, and continues to limit, his availability, including responsibility for reviewing and editing briefs in multiple other pending cases. Fein Decl. ¶ 6.

On July 16 and 17, 2025, undersigned counsel corresponded with counsel for Plaintiffs-Appellants about this extension request. Fein Decl. ¶ 4. Counsel for Plaintiffs-Appellants stated that they do not object to the extension. *Id.*

3

For the reasons stated above and set forth in the accompanying declaration, Defendants-Appellees respectfully request a 60-day extension of the time to file their answering brief, up to and including October 30, 2025.

Dated: July 22, 2025

Respectfully submitted,

*s/ Ian Fein*

ROB BONTA
  *Attorney General of California*
MICHAEL J. MONGAN
  *Solicitor General*
HELEN H. HONG
  *Principal Deputy Solicitor General*
THOMAS S. PATTERSON
  *Senior Assistant Attorney General*
ANYA M. BINSACCA
  *Supervising Deputy Attorney General*
IAN FEIN
  *Deputy Solicitor General*
JENNIFER E. ROSENBERG
  *Deputy Attorney General*

  *Attorneys for Defendants-Appellees*

## DECLARATION OF IAN FEIN IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF

I, Ian Fein, declare:

1. I have personal knowledge of the matters set forth below and, if called to testify them, could do so competently.

2. I am a Deputy Solicitor General in the California Department of Justice. I have principal responsibility for the preparation of Defendants-Appellees' answering brief.

3. Defendants-Appellees request a 60-day extension of time to file the answering brief. Defendants-Appellees first obtained a streamlined extension of time on July 3, 2025, making the brief currently due Friday, August 29, 2025. This is the second request for an extension of time. If it is granted, Defendants-Appellees' answering brief would be due on October 30, 2025.

4. On July 16, 2025, I contacted counsel for Plaintiffs-Appellants via e-mail and asked to confer about Defendants-Appellees' request to extend the deadline for their answering brief by 60 days. I spoke with Plaintiffs-Appellants' counsel on July 17, 2025, and counsel confirmed later that day by email that Plaintiffs-Appellants do not oppose this request for an extension.

5. The requested extension is warranted because there are several pending petitions for certiorari scheduled to be considered by the Supreme Court at the end of September that, if granted, could affect the proper disposition of this appeal. In the last six months, four other federal courts of

appeals have decided Second Amendment challenges to age-based firearms restrictions that impose certain limitations on persons under the age of 21. Petitions for certiorari have been filed seeking review of three of those decisions. *See McCoy v. BATFE* (U.S. No. 25-24); *Nat'l Rifle Ass'n v. Glass* (U.S. No. 24-1185); *Paris v. Lara* (U.S. No. 24-1329). Based on the current deadlines for briefs in opposition, and the Supreme Court's publicly available case distribution schedule, the petitions are scheduled to be distributed for the Supreme Court's September 29, 2025 conference. If the Supreme Court grants one of those petitions, an abeyance of proceedings in this appeal may be warranted. The requested extension should allow the parties to consider the Supreme Court's disposition of the pending petitions for writs of certiorari before the answering brief is due.

6. I am lead counsel for Defendants-Appellees in this appeal, and recently noticed my first appearance in the case. I have other pressing work that has limited, and continues to limit, my availability, including responsibility for reviewing and editing briefs in multiple other pending cases. Preparation of the brief will require sufficient time for collaboration among several attorneys in the Department of Justice, including review by attorneys in the Government Law Section and the Office of the Solicitor General. Taking additional time to complete the process of internal review and revision

will permit counsel to finalize the brief in a way that will be most helpful to the Court.

7. Counsel for Defendants-Appellees has exercised diligence in this matter, including by beginning work on the answering brief immediately upon receiving Plaintiffs-Appellants' opening brief, and will continue to do so. Counsel anticipates filing the answering brief within the time requested.

8. There are no designated transcripts from the district court in this appeal, and thus no court reporter is in default.

I declare under penalty of perjury that the foregoing is true and correct. Executed July 22, 2025, in San Francisco, California.

                                             *s/ Ian Fein*
                                             Ian Fein

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this motion compiles with the requirements of Federal Rule of Procedure 27(d)(2)(A) and Ninth Circuit Rule 27-1 because it contains 676 words, excluding the accompanying declaration exempted by Federal Rule of Appellate Procedure 27(a)(2)(B). I further certify that the motion's type size and typeface comply with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Times New Roman font.

Dated: July 22, 2025        *s/ Ian Fein*
                            Ian Fein