No. 25-2509

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PWGG, LP, et al.,

*Plaintiffs-Appellants*,

v.

ROB BONTA, in his official capacity as Attorney General of the State of California, et al.,

*Defendants-Appellees*.

**On Appeal from the United States District Court for the Southern District of California**
Civil Case No. 3:19-cv-01226-L-AHG
The Honorable M. James Lorenz, Judge

**PLAINTIFFS-APPELLANTS' UNOPPOSED MOTION TO SUPPLEMENT THE RECORD ON APPEAL**

John William Dillon
DILLON LAW GROUP, APC
2647 Gateway Road
Suite 105
Carlsbad, CA 92009
Telephone: (760) 642-7150
jdillon@dillonlawgp.com

David H. Thompson
Peter A. Patterson
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

October 15, 2025

1

Pursuant to Federal Rules of Appellate Procedure 10 and 27, and Ninth Circuit Rule 27-1, Plaintiffs move to supplement the record in the above-captioned matter. In support of this motion, Plaintiffs state:

1. This case involves a challenge to California laws restricting 18-to-20-year-old adults from acquiring firearms on account of their age. By their nature, the laws challenged here no longer apply to an individual once he or she turns 21.

2. The Plaintiffs-Appellants in this case are two firearms dealers and shooting ranges, Poway Weapons and Gear and North County Shooting Center ("Dealer Plaintiffs"), who would, if not for the laws at issue here, sell firearms to 18-to-20-year-olds without regard to California's specific limitations on that age group. They are joined by three membership organizations, Firearms Policy Coalition, California Gun Rights Foundation, and Second Amendment Foundation ("Organizational Plaintiffs"), of which Poway and North County Shooting Center are members. The Organizational Plaintiffs also have 18-to-20-year-old Californians who would like to acquire firearms without regard to the challenged restrictions among their members.

3. Specifically, Destiny Garcia a 20-year-old Californian, is a member of all three Organizational Plaintiffs, which have brought this suit on behalf of her and other members like her. *See* Pls.' Opening Br., Doc. 12.1 at 9–10 (June 30, 2025). *See Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

4. However, Garcia turns 21 later this month. To avoid any suggestion of mootness in this case (though any such claim would be separately defeated by the presence of the Dealer Plaintiffs), Plaintiffs are submitting along with this motion the declaration of Jack Snyder, an 18-year-old resident of Oceanside, California, who is a member of each of the Organizational Plaintiffs, and who has standing to challenge the law at issue in this case. *See* Decl. of Jack Snyder ¶¶ 1–10 (attached as Exhibit A). Because the Organizational Plaintiffs continue to have at least one member with standing, they continue to have standing as well and this case will not become moot when Garcia turns 21.

5. It is appropriate for this Court to accept the submission of Snyder's declaration in this case. Courts routinely acknowledge that affidavits submitted on appeal "may be considered in ascertaining whether the cases are moot, although they should not be considered in ascertaining the merits. This is so because there was no mootness question before the district court, so we are not reviewing that. Rather, we are deciding whether the cases are now moot." *Cedar Coal Co. v. United Mine Workers of Am.*, 560 F.2d 1153, 1166 (4th Cir. 1977).

6. Appellate courts are not only empowered to "consider any evidence bearing on whether the appeal has become moot," *see Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016), they can also "receive facts relevant to that issue," *Clark v. K-Mart Corp.*, 979 F.2d 965, 967 (3d Cir. 1992); *see Matter of Manges*, 29 F.3d

3

1034, 1041 (5th Cir. 1994) ("[T]his court may review evidence as to subsequent events not before the courts below which bears upon the issue of mootness.")

7. Courts have often considered supplemental evidence on appeal "in settings similar to this one." *Thomas More L. Ctr. v. Obama*, 651 F.3d 529, 536 (6th Cir. 2011), abrogated on other grounds, *Nat'l Fed'n of Indep. Bus. v. Sebelius*, 567 U.S. 519 (2012); *see also id*. ("consider[ing] . . . new declarations that . . . were filed during the pendency of th[e] appeal" establishing plaintiffs' "actual injury"); *U.S. Chamber of Com. v. EPA*, 642 F.3d 192, 200 (D.C. Cir. 2011) (considering member declarations "[a]long with [a party organization's] briefs" when analyzing the issue of the party's associational standing); *Ouachita Watch League v. Jacobs*, 463 F.3d 1163, 1171 (11th Cir. 2006) (supplementing record with new declarations that "resolve[d] [a] standing issue and illuminate[d] [a] mootness issue").

8. This specific issue has arisen in several similar suits seeking to vindicate the rights of 18-to-20-year-olds under the Second Amendment where the litigation lasted longer than any individual plaintiff remained in the age group affected by the challenged law, and to the best of Plaintiffs' knowledge, leave has been given to supplement the record with evidence of additional members each time (and twice in one case). *See Brown v. BATFE*, No. 23-2275, 2025 WL 1704429, at *1 (4th Cir. June 18, 2025) (per curiam); Order, *Reese v. BATFE*, No. 23-30033, Doc. 92-2 (5th Cir. Jan. 30, 2024); *Lara v. Comm'r Pa. State Police*, 125 F.4th 428, 445–

4

46 nn. 28-29 (3d Cir. 2025) (granting, over the state's objection, a second motion to supplement the record with declaration of a new member and confirming the plaintiff associations retained standing on behalf of that member); *Worth v. Jacobson*, 108 F.4th 677, 686–87 (8th Cir. 2024) (granting, over the state's objection, the motion to supplement the record and holding the plaintiff associations "have an unbroken chain of standing through" a member declarant).

9. Similarly, courts, including this Court and the Supreme Court, have considered new evidence on appeal to ensure a live case or controversy in challenges to school policies which, like the restrictions at issue in this case, are inherently transitory as students often progress through and graduate from the institutions in question while litigation continues. *See Ala. Legis. Black Caucus v. Alabama,* 575 U.S. 254, 285–86 (2015) (Scalia, J., dissenting) (describing supplementation of the record in *Parents Involved in Cmty. Schs. v. Seattle Sch. Dist. No. 1*, 551 U.S. 701, 718 (2007)); *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680–81 (9th Cir. 2023); *Speech First, Inc. v. Sands*, 69 F.4th 184, 190 n.3 (4th Cir. 2023), *vacated as moot on other grounds*, 144 S. Ct. 675 (2024) (Mem.).

10. Here, accepting the Snyder Declaration does not alter this case in any way from how it was presented to the district court. It merely establishes that there continues to be a live case and controversy between the parties. As in *Speech First*,

5

Snyder "assert[s] identical injuries" to Garcia and the other 18-to-20-year-old declarants and plaintiffs that have participated, at earlier points, in this suit, and he is currently affected by the challenged laws, so supplementation is appropriate. 69 F.4th at 190 n.3; *see also Worth,* 108 F.4th at 686 (noting that the individual circumstances of the new member declarant were irrelevant given the scope of the legal challenge to Minnesota's age-based restriction).

11. Pursuant to Rule 27-1(2) of this Court's rules, Plaintiffs contacted the State prior to filing this motion and the State does not oppose supplementing the record.

For these reasons, the Court should grant Plaintiffs' motion and supplement the record with the Declaration of Jack Snyder.

Dated: October 15, 2025

John William Dillon
DILLON LAW GROUP, APC
2647 Gateway Road
Suite 105
Carlsbad, CA 92009
Telephone: (760) 642-7150
jdillon@dillonlawgp.com

Respectfully submitted,

/s/ David H. Thompson
David H. Thompson
Peter A. Patterson
William V. Bergstrom
COOPER & KIRK, PLLC
1523 New Hampshire Ave. NW
Washington, D.C. 20036
Tel: (202) 220-9600
Fax: (202) 220-9601
dthompson@cooperkirk.com

*Counsel for Plaintiffs-Appellants*

6

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion compiles with the requirements of Federal Rule of Appellate Procedure 27(d)(2)(A) and Ninth Circuit Rule 27-1 because it contains 1,118 words, excluding those parts of the motion excluded from the length calculation by Federal Rule of Appellate Procedure 32(f) and also excluding the accompanying declaration exempted by Federal Rule of Appellate Procedure 27(a)(2)(B). I further certify that the motion's type size and typeface comply with Federal Rule of Appellate Procedure 27(d)(1)(E) because it has been prepared in 14-point Times New Roman font.

Dated: October 15, 2025                             /s/*David H. Thompson*
                                                    David H. Thompson
                                                    *Counsel for Plaintiffs-Appellants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2025, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate ACMS system, which will transmit the foregoing document via email to all counsel of record.

Dated: October 15, 2025　　　　　　　　　　/s/*David H. Thompson*
　　　　　　　　　　　　　　　　　　　　　David H. Thompson
　　　　　　　　　　　　　　　　　　　　　*Counsel for Plaintiffs-Appellants*

8