

*C A L I F O R N I A*
# DEPARTMENT OF JUSTICE

**Rob Bonta**
*Attorney General*

455 GOLDEN GATE AVENUE, SUITE 11000
SAN FRANCISCO, CA 94102

Public: (415) 510-4400
Telephone: (415) 510-3466
Facsimile: (415) 703-2552
E-Mail: Ian.Fein@doj.ca.gov

June 22, 2026

**VIA ACMS**

Molly Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

RE:  *PWGG v. Bonta*, No. 25-2509
  Argument Scheduled June 23, 2026
  <u>Response to Citation of Supplemental Authority</u>

Dear Ms. Dwyer,

The Supreme Court's recent decision in *United States v. Hemani*, 2026 WL 1751710 (U.S. June 18, 2026), does not alter the Second Amendment analysis in this case or change the reasons to affirm the decision below.

First, *Hemani* reaffirmed that the historical analysis of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) compares the "'why' and 'how,'" or "purpose and operation," of a challenged modern law with historical ones. 2026 WL 1751710, at *5. The historical laws in *Hemani* "differ[ed] dramatically" from the federal statute at issue there because they "targeted different kinds of people,

June 22, 2026
Page 2

did so for different purposes, and operated in different ways." *Id.* at *6. Here, by contrast, the founding-era common law tradition, including the infancy doctrine, and nineteenth-century statutes discussed in defendants' brief are "relevantly similar" to Penal Code Section 27510. *Id.* at *5 (quoting *Bruen*, 597 U.S. at 29); *see* Answering Br. 28-52. These historical laws restricted the same people (individuals under age 21) from purchasing firearms on their own. And although the infancy doctrine restricted individuals' ability to purchase items beyond firearms, the underlying purpose of the doctrine was the same: concern that those under 21 lack the maturity and judgment to make such purchases responsibly. Answering Br. 47-52.

Second, *Hemani* does not alter the conclusion that Section 27510's hunting license exemption operates as a "'shall-issue' licensing regime" endorsed as constitutional in *Bruen*, 597 U.S. at 38 n.9; *see* Answering Br. 24-27. *Hemani* does not discuss shall-issue licensing regimes or *Bruen*'s footnote 9. Plaintiffs note that the federal statute there, 18 U.S.C. § 922(g)(3), is incorporated as a criterion in California's *concealed carry* licensing regime, Cal. Penal Code § 26202(a)(8). But Section 922(g)(3) is not incorporated in the state *hunting license* exemption at issue here. *See id.* § 27510(b)(1); Cal. Fish & Game Code § 1053.5. In any event, *Hemani* did not facially invalidate the federal statute, 2026

June 22, 2026
Page 3

WL 1751710, at *4 n.2, *11, so even if it were unconstitutional in some

applications, that would not render California's concealed carry licensing regime

facially unconstitutional.

Sincerely,

*/s/ Ian Fein*

IAN FEIN
Deputy Solicitor General

For    ROB BONTA
Attorney General

cc:  All Counsel of Record (via ACMS)